# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| VLADIMIR GOROKHOVSKY and IGOR KAIUROV,<br><br>           Plaintiffs,<br><br>v.<br><br>ELEANORA STEFANTSOVA,<br><br>           Defendant. | Case No. 19-CV-453-JPS<br><br><br>**ORDER** |

The operative complaint in this matter was filed on April 26, 2019. (Docket #4). On June 20, 2019, Defendant Eleanora Stefantsova ("Stefantsova") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), claiming a lack of personal jurisdiction, standing, and a failure to state a claim. (Docket #13). The above-captioned Plaintiffs' response would have been due on July 11, 2019. Civ. L.R. 7(b). On June 28, 2019, Plaintiffs filed a motion for an extension of time, requesting an additional thirty days to respond, which Defendant opposed on July 5, 2019. (Docket #21, #22). On July 8, 2019, Plaintiffs filed a motion to exceed the page limit prescribed in this district's Civil Local Rule 7(f). (Docket #23). The very next day, Plaintiffs filed their response to the motion to dismiss, which consisted of 30 pages of briefing and 57 pages of supplemental material, including affidavits and an exhibit list, which will not be considered at this stage except as necessary to assess personal jurisdiction. (Docket #25). The timely and length-compliant opposition effectively mooted Plaintiffs' pending motions for an extension of time and an enlargement of pages. Plaintiffs also filed a confusing "opposition in

support of Plaintiffs' joint response and memorandum of law and facts in opposition to motion to dismiss." (Docket #29). This submission contains substantially the same information as the complaint and the response to the motion to dismiss, albeit in greater (and occasionally conflicting) detail. In light of its general redundancy and contravention of Civil Local Rule 7(f), this submission will not be considered. For the reasons stated below, Defendant's motion to dismiss will be granted in part and denied in part.

1.  **LEGAL STANDARDS**

Defendant moves to dismiss Plaintiffs' complaint on various grounds, including Federal Rule of Civil Procedure ("FRCP") 12(b)(2). Under FRCP 12(b)(2), a party may move to dismiss on the ground that the court lacks jurisdiction over him or her. Fed. R. Civ. P. 12(b)(2). "The plaintiff bears the burden of establishing personal jurisdiction when the defendant challenges it." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). However, in cases such as this one, where the matter is decided on a motion to dismiss and without an evidentiary hearing, the plaintiff "'need only make out a *prima facie* case of personal jurisdiction.'" *Id.* (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)).

Unlike some other challenges to a plaintiff's complaint, when questions of personal jurisdiction arise, the court may consider affidavits and other evidence outside the pleadings. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782–83 (7th Cir. 2003). Indeed, the court can "accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *GCIU–Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). Nevertheless, the court will "accept as true all well-pleaded facts alleged in the complaint and resolve any factual

disputes in the affidavits in favor of the plaintiff." *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).

## 2. RELEVANT ALLEGATIONS

Plaintiffs Vladimir Gorokhovsky ("Gorokhovsky") and Igor Kaiurov ("Kaiurov") (collectively, "Plaintiffs") have been colleagues and friends since the mid-1990's. Gorokhovsky is a citizen and resident of Wisconsin, and has spent his career working as an international transactional lawyer within the state. Kaiurov is an international businessman based out of Russia, who currently resides in Wisconsin and operates a business in the state.

In mid-2007, Gorokhovsky was contacted by one of Kaiurov's business partners, Yan Berezin ("Berezin"). Berezin was married to the defendant, Stefantsova, and they lived together in Shanghai, China. Stefantsova sought a lawyer because she was being sued by a former partner, James DelMonte ("DelMonte") in connection with a real-estate issue in Russia. Eventually, Stefantsova retained Gorokhovsky to evaluate a potential counterclaim against DelMonte.

Gorokhovsky was based in Wisconsin throughout these discussions, and it was understood that he would conduct future work in the state of Wisconsin. The retainer agreement between Gorokhovsky and Stefantsova contained a forum selection clause that provided that disputes arising from the agreement would be handled in Wisconsin court, under Wisconsin laws. However, the agreement appears to have never been signed. *See* (Docket #25-5, #29-2, #33-2 at 23, and #34-2 at 23).[1] On February 14, 2008,

---

[1]Gorokhovsky has provided several (inconsistent) versions of the purported retainer agreement in support of his jurisdiction argument, none of which are signed.

Stefantsova wired Gorokhovsky a $60,000.00 retainer. Upon receipt of the retainer, Gorokhovsky began conducting research and evaluating the case. At one point, Stefantsova expressed interest in visiting Wisconsin and Gorokhovsky drafted a letter of invitation to assist in obtaining a visa, but Stefantsova ultimately decided against the visit. Gorokhovsky kept Stefantsova apprised of his findings, and around March 28, 2008, Stefantsova decided not to pursue the defamation lawsuit. On March 31, 2008, Gorokhovsky provided a final bill for his services, and wired back $42,204.90 to Stefantsova, which was the unused portion of his retainer. He closed her file that same day.[2]

After their attorney-client relationship terminated, Gorokhovsky's communications with Berezin and Kaiurov ceased entirely. They did not contact him, and they ignored his communicative overtures. It was not until March, 2019, a full eleven years later, that Gorokhovsky learned what happened. Kaiurov explained that he had stopped working and speaking with Gorokhovsky because Stefantsova told Kaiurov and Berezin that Gorokhovsky had stolen $40,000.00 from her—in other words, that he had never refunded her retainer. Berezin had also told this to two other people, one of Gorokhovsky's friends, and one of Gorokhovsky's prospective

---

[2]Some of the documents that Gorokhovsky asks the Court to consider in assessing Stefantsova's minimum contacts with the forum include emails that are subject to attorney-client privilege, which Stefantsova holds and has not waived. *Harold Sampson Children's Tr. v. The Linda Gale Sampson 1979 Tr.*, 679 N.W.2d 794, 800 (Wis. 2004) (holding that the "client holds and controls the attorney-client privilege and only the client can waive it."); Wis. Stat. §§ 905.03(2),(3); 905.11. Therefore, the Court has not considered those emails and will restrict access to such submissions. *See* (Docket #25-5 at 25–28; #29-2 at 25–28; #32 at 14–17; #33-2 at 42–49; and #34-2 at 43–49).

clients, causing him a loss in business and reputation. It is not alleged that Stefantsova told this to anyone other than Kaiurov and Berezin.

As it happens, Kaiurov was also wronged by Stefantsova. In 2013, while visiting Stefantsova in Shanghai, she induced Kaiurov to invest $450,000.00 in a real estate venture there. However, a few years later, she sold the venture, and refused to pay him back in full. He only managed to recoup $200,000.00 of his initial investment.

3.      **ANALYSIS**

Personal jurisdiction refers to a court's power over parties, in contrast to its subject-matter jurisdiction, which is its power over certain types of claims. When, as here, the Court exercises diversity jurisdiction over a case, the Court will exercise personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would do so. *Purdue*, 338 F.3d at 779. This is technically a two-part analysis, where the Court first asks whether Wisconsin's long-arm statute, Wis. Stat. § 801.05, encompasses Defendant's conduct, then considers whether exercising personal jurisdiction in the case at hand would comport with principles of due process. *Id.* Wisconsin's longarm statute is comprehensive, and is intended to be "liberally construed in favor of the exercise of jurisdiction." *Fed. Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 391 (7th Cir. 1994).

Wis. Stat. § 801.05(5)(a) provides that a Court has jurisdiction over actions that arise "out of a promise, made anywhere to the plaintiff. . .by the defendant to. . .pay for services to be performed in this state by the plaintiff." Gorokhovsky alleges that Stefantsova "retained the above-named Plaintiff to evaluate of her possible counter action" and that she wired him $60,000.00, which was "intended as fixed retainer to pursue her

defamation claim." (Docket #4 at 7). Gorokhovsky alleges that upon receipt of these funds, he "conducted due diligence and case evaluation," and all the information that he collected "was provided to Stefantsova." *Id.* Effectively, Stefantsova made a promise to pay Gorokhovsky for services that he would perform in Wisconsin, and this cause of action arose from that agreement. Therefore, the statute clearly encompasses Stefantsova's conduct.[3] The next question is whether this comports with due process.

The Due Process Clause of the Fourteenth Amendment protects a defendant from being haled into court in a state where he has no meaningful connections. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985). Due process requires that for personal jurisdiction to exist over a nonconsenting, out-of-state defendant, the defendant must have "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

There are two types of personal jurisdiction—general and specific— that can satisfy the strictures of due process. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–16 (1984). General personal jurisdiction requires that the defendant have "'affiliations with the State [that] are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). If

---

[3]Stefantsova is correct that Wis. Stat. § 801.05(4)(a) does not apply here because, "at the time of the injury," when Stefantsova allegedly defamed Gorokhovsky, their professional relationship had terminated; therefore, there were no "service activities [being] carried on within this state."

such contacts exist, "the court may exercise personal jurisdiction over the defendant even in cases that do not arise out of and are not related to the defendant's forum contacts." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

Here, there are no factual allegations that Stefantsova is subject to general personal jurisdiction in the state of Wisconsin; indeed, she has never even visited the state. Her business relationship with Gorokhovsky appears to be her only contact with the state. Therefore, the Court will analyze whether she is subject to specific personal jurisdiction in the state of Wisconsin.

Specific personal jurisdiction exists where the suit before the Court arises from or relates to the defendant's contacts with the forum State. *Helicopteros*, 466 U.S. at 414; *Int'l Shoe*, 326 U.S. at 317–18. This type of personal jurisdiction is more limited than general personal jurisdiction. Specific personal jurisdiction arises only where the defendant's contacts with the forum state "directly relate to the challenged conduct or transaction." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). In assessing the existence of specific personal jurisdiction, the Court must examine the "relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

For specific personal jurisdiction to exist, there must be "some act by which the defendant purposefully avail[ed] [her]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Burger King*, 471 U.S. at 474–75. The defendant must have sufficient contacts with the forum, related to the suit at bar, that she "should reasonably anticipate being haled into court [in the forum State]" on that suit. *Burger King*, 471

U.S. at 474. "The 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id*. at 475 (citations omitted).

"Standing alone, the fact that a foreign party has formed a contract with an in-state party is often insufficient to supply the minimum contacts required by the Constitution." *Philos Techs., Inc. v. Philos & D., Inc.*, 802 F.3d 905, 914 (7th Cir. 2015). However, "[o]ther links, such as 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' may demonstrate that the defendant has purposefully availed itself of the forum." *Id.* (quoting *Burger King*, 471 U.S. at 479). Wisconsin courts use a five-factor test derived from constitutional caselaw to determine whether specific personal jurisdiction comports with due process. *See Fed. Rural*, 18 F.3d at 395. These factors are helpful to consider, and include "(1) the quantity of the contacts with the state, (2) the nature and quality of the contacts, (3) the source of the cause of action, (4) the interest of Wisconsin in the action, and (5) the convenience of the parties in trying the matter in Wisconsin." *Id.*; *Vt. Yogurt Co. v. Blanke Baer Fruit & Flavor Co.*, 321 N.W.2d 315, 318 (Wis. 1982) (citing *Zerbel v. H.L. Federman & Co.*, 179 N.W.2d 872, 878 (Wis. 1970)).

The question here is: if a foreign defendant briefly and singularly engages a Wisconsin attorney to investigate a foreign dispute against another foreign person, is she subject to Wisconsin's personal jurisdiction when she subsequently defames that attorney in a foreign country to other foreign individuals after the representation has ended? For the reasons explained below, the Court finds that the answer to that question, in this case, is no.

Stefantsova has insufficient minimum contacts with the state of Wisconsin for it to have personal jurisdiction over her. To begin with, prior to this lawsuit, Stefantsova had only one contact with the state of Wisconsin—her brief, albeit fruitless retention of Gorokhovsky to investigate a potential lawsuit regarding an international dispute. The quality of that contact with Wisconsin was weak: the nature of the potential lawsuit was not Wisconsin-centric, it did not involve other individuals from Wisconsin, and a case was never actually filed in Wisconsin court. Indeed, Stefantsova has never actually stepped foot in Wisconsin, and her only contacts with Gorokhovsky were a few exchanges of correspondence. *See Cote v. Wadel*, 796 F.2d 981, 984 (7th Cir. 1986) ("the handful of letters and phone calls that passed between [Plaintiff] and [non-resident defendant] is not enough to close the gap" in poor minimum contacts). Moreover, although Gorokhovsky relies on the venue provision contained in the retainer agreement, not a single version of the contract that he has provided bears either his or Stefantsova's signature. (Docket #25-5, #29-2, #33-2 at 23, and #34-2 at 23). It does not appear that Stefantsova ever signed the contract that provided for Wisconsin venue, further weakening the inference that she could expect to be haled into Court for her brief dealings with Gorokhovsky. Additionally, this case arises from comments that Stefantsova made in Shanghai to non-Wisconsin residents *after* her professional relationship with Gorokhovsky had terminated. While Wisconsin courts may have an interest in protecting the professional reputations of its lawyers against defamation, that is the only factor that weighs in Gorokhovsky's favor. Finally, there is no indication that Wisconsin is a convenient place for Stefantsova to litigate, as evidenced by her difficulty in locating a Wisconsin-based lawyer to address the instant

case. *See* (Docket #10 at 1). Taken as a whole, Stefantsova lacks the sufficient minimum contacts necessary to make it reasonably foreseeable that she would be haled into court here.

The same analysis forecloses Kaiurov's causes of action against Stefantsova, where the Court's jurisdiction over her is even more attenuated. It is unclear whether Kaiurov, a Russian citizen, had any connection to Wisconsin in 2013, when he invested nearly half a million dollars in Stefantsova's real estate project in Shanghai. Moreover, there are no allegations in the complaint that any part of Kaiurov's agreement with Stefantsova occurred in Wisconsin, that anybody in Wisconsin had anything to do with the venture, or that the parties mutually agreed to be subject to Wisconsin's courts and laws for any related disputes. In short, Stefantsova had no reason to believe that she would be haled into a district court in Wisconsin for a lawsuit arising from her dealings with a Russian citizen in China regarding a Shanghai-based real estate project. Accordingly, the Court lacks personal jurisdiction over Stefantsova regarding all of Kaiurov's causes of action, as well.

**4. CONCLUSION**

For the reasons explained above, the Court must dismiss the case for lack of personal jurisdiction over Stefantsova. Plaintiffs may attempt to re-file the case in a district that has jurisdiction over her. In light of this dismissal, the various pending discovery motions will be denied as moot. (Docket #30, #33, and #34). Additionally, the Court must also dismiss the motion for leave to file a sur-reply as moot. (Docket #37).

Accordingly,

**IT IS ORDERED** that Defendant Eleanora Stefantsova's motion to dismiss (Docket #13) be and the same is hereby **GRANTED in part and DENIED in part**, as stated in the terms of this Order;

**IT IS FURTHER ORDERED** that Plaintiffs' motion to extend time (Docket #21) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file in excess of page limit (Docket #23) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant Eleanora Stefantsova's motion for a protective order (Docket #30) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiffs' motions to compel (Docket #33 and #34) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file a sur-reply (Docket #37) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2019.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge